THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HENRY WILLIS, Defendant-Appellant.

First District (3rd Division)   No. 78-387

Opinion filed December 5, 1979.—Rehearing denied January 14, 1980.

618

Ralph Ruebner and Fe Fernandez, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Pamela Gray, and Mary A. Jischke, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Henry Willis, was charged with murder. After a jury trial, he was found guilty of that crime and was sentenced to 25 to 50 years. Defendant had been found guilty of the same crime at an earlier trial, but we reversed and remanded the conviction for a new trial because of failure to have all material witnesses to a confession testify at a hearing on the voluntariness of the confession. We also held that an oral confession was inadmissible. (*People v. Willis* (1975), 26 Ill. App. 3d 518, 325 N.E.2d 715.) On appeal, defendant, through his counsel, contends that the trial court committed reversible error during the second trial by refusing to grant defendant a hearing on the motion to quash the arrest. Defendant also has been granted leave to file a pro se motion to amend the record which the court has agreed to consider as a supplemental pro se brief. Although this pro se brief, with its attachments, is somewhat incomprehensible, in it defendant also has argued that there was no probable cause for his arrest. In view of our earlier opinion and because of the nature of the argument on appeal, only brief reference to the facts of the crime is necessary.

On February 1, 1972, Dan Lee Shaw was shot to death near 5100 North Marine Drive in Chicago. A pair of prescription sunglasses not belonging to the decedent was found near the body.

Prior to the first trial, the court conducted a hearing on defendant's motion to quash his arrest. At that hearing, defendant testified that on March 8, 1972, he surrendered himself at a police station for a number of outstanding traffic tickets. As he left traffic court the following morning, two police officers stopped him and stated that he was wanted for murder. They asked him about his sunglasses, and he said he had lost a pair on the south side. The officers drove defendant to North Marine Drive and

insisted that was where he had lost his glasses. Defendant denied it. The officers showed defendant a pair of glasses, and defendant identified them as his. At the hearing, defendant testified that the recovered glasses were similar to the pair he had lost, but were not his.

Officer Samuel Greiner of the Chicago Police Department testified at the hearing that he was one of the police officers assigned to investigate the murder in question. Greiner was informed by three fellow officers that they had located the optometrist who prescribed the sunglasses found near the body, and that the sunglasses were prepared for defendant. On the basis of this information, the officer arrested defendant.

Defense counsel indicated he intended to call a doctor as a witness at the hearing, but instead rested. Counsel stated that the doctor was present in court. The trial court ruled that the police had probable cause to make the arrest and denied the motion to quash. The court proceeded to hear a motion to suppress defendant's confession. After the court denied the motion to suppress the confession, defense counsel asked the court if it would allow the defense to reopen the motion to quash the arrest if during the evening they decided to call another witness. The court replied that it did not know what it would do the following day if the defense made such a request but that the court did not like piecemeal litigation. On the next day, defense counsel made no reference to the motion to quash the arrest, and the trial proceeded.

The only testimony at the first trial pertinent to this appeal was that of Dr. Joseph Grabiec, the optometrist through whom defendant's prescription was located. He testified for the State that in 1972 police officers visited his office and showed him a pair of prescription sunglasses. Upon searching his files, he found that by a comparison of the corrective prescription, style, type and measurement, the prescription he had filled for defendant most closely approximated the glasses shown him by the police. There was a difference between the glasses found and those he had prescribed for defendant, and that was in the astigmatic correction for the left lens. Although the difference was significant, defendant would be able to wear the sunglasses without noticing the difference. The error amounted to 1/88 of the entire corrective range. The doctor told the police they should use discretion with the glasses because he could not be positive they were defendant's. After hearing additional evidence, the jury found defendant guilty of murder.

Defendant filed a motion for a new trial alleging, among other grounds, that there was no probable cause for his arrest. At the hearing on the motion for a new trial, defense counsel suggested that he had been precluded from bringing out all the facts regarding the arrest. In denying the post-trial motion, the trial judge pointed out that the optometrist had been present in court during the probable cause hearing, but that the

defense voluntarily had elected not to call the doctor as a witness. After defendant was sentenced, he appealed his conviction to this court and, as has been noted, we remanded the cause for a new trial. In that appeal, defendant urged several grounds for reversal. However, he did not raise the issue of lack of probable cause for arrest or denial of a full hearing on the motion to quash the arrest.

After our remandment to the trial court, several attorneys appeared for defendant at various times but withdrew or were dismissed by defendant. Defendant then rejected appointment of counsel and stated he wished to represent himself in the second trial. During selection of the jury, however, counsel was appointed for defendant and counsel conducted the defense throughout the trial. After selection of the jury, defense counsel filed a motion to quash the arrest. The trial court denied defendant leave to file the motion, and the trial proceeded. With reference to the arrest, the police officers described their investigation of the sunglasses found near decedent's body, and the doctor offered substantially the same testimony he had given at the first trial. Defendant's written confession was also introduced into evidence. The jury found defendant guilty of murder. In his motion for a new trial, defendant ' alleged there was no probable cause for his arrest. The trial court denied the motion for a new trial and sentenced defendant.

Defendant contends that the trial court erred in not conducting a second hearing on his motion to quash the arrest prior to or at the second trial. He argues that fundamental fairness required that he be granted such a hearing. Defendant bases this contention on the effect of the optometrist's testimony at the first trial in which he stated he could not be positive the sunglasses shown to him by the police were the glasses he prescribed for defendant.

■■ It has been uniformly held that where an appeal is taken from a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, and those which could have been presented, but were not, are deemed waived. (*People v. James* (1970), 46 Ill. 2d 71, 263 N.E.2d 5; *People v. Kamsler* (1968), 39 Ill. 2d 73, 33 N.E.2d 415.) In the present case, defendant's motion to quash the arrest was heard and denied prior to the first trial. Defense counsel raised the possibility that the defense might ask the court to reopen the hearing, but never made such a request of the trial court. Defendant's motion for a new trial contained an allegation that probable cause for arrest did not exist. After denial of the motion, defendant appealed his conviction to this court. Defendant did not raise any issue before us regarding his arrest. He was effectively represented, and this court remanded the matter for another hearing on the voluntariness of his confession. We also held that his oral confession was inadmissible. The entire report of proceedings was before

us in the prior appeal. It included a transcript of the testimony at the hearing on the motion to quash the arrest which had been argued in the trial court. Defendant did not raise the issue and is precluded from having the issue reviewed now.

■■■ We also believe defendant is collaterally estopped from receiving a second hearing because a hearing on the motion to quash the arrest was conducted at the first trial. Where a pretrial motion has been ruled upon by one judge that motion cannot be relitigated absent new evidence or mitigating circumstances. (*People v. Grant* (1976), 38 Ill. App. 3d 62, 347 N.E.2d 244.) In the present case, defendant and a police officer testified at the hearing on the motion. The officer stated that he had been informed by other officers that an optometrist told them that he prescribed the sunglasses for defendant. Defense counsel informed the trial court that the optometrist was present in court, but defendant did not present the witness and rested. The trial court properly denied the motion to quash the arrest. While we recognize that waiver and estoppel are not hard and fast rules and will not be invoked when fundamental fairness or exceptional circumstances so require, we do not believe that the application of either of those exceptions is present here. The simple fact is that the testimony of the optometrist at the subsequent trial does not alter the propriety of the finding that probable cause for defendant's arrest was established by a preponderance of evidence at the hearing prior to the first trial. Although the doctor did testify that he could not be positive the glasses were defendant's, he stated that it was he who gave defendant's name to the investigating police officers. He also testified that the glasses in question most closely approximated the glasses he had sold defendant. He further stated that, although there was a difference in the left lens, defendant could wear the glasses without noticing the difference. The doctor's testimony did not cast doubt upon the reasonableness of the arresting officer's initial belief. The trial court did not err in refusing to conduct a second hearing on the motion to quash the arrest.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McGILLICUDDY and RIZZI, JJ., concur.