THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JESSE GOODMAN, Defendant-Appellant.

Second District    No. 82—499

Opinion filed July 6, 1983.

William R. Beu, of Rockford, for appellant.

Daniel Doyle, State's Attorney, of Rockford (Phyllis J. Perko and William L. Browers, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE LINDBERG delivered the opinion of the court:

Defendant, Jesse Goodman, appeals from the extended-term sentence of 50 years' imprisonment that he received upon remandment by this court to the circuit court of Winnebago County for resentencing on his convictions for murder (Ill. Rev. Stat. 1979, ch. 38, par. 9—1) and armed robbery (Ill. Rev. Stat. 1979, ch. 38, par. 18—2). Because we find no error in that resentencing, we affirm.

Defendant was found guilty of murder and armed robbery after a jury trial in 1980. He was sentenced to natural life imprisonment for the murder and to a concurrent six-year term for the armed robbery. He appealed and this court, while affirming the convictions, reversed the sentences and remanded for a new sentencing hearing. (*People v. Goodman* (1981), 98 Ill. App. 3d 743, 424 N.E.2d 663.) A new sentencing hearing was held and, on June 3, 1982, defendant was sentenced to an extended term of 50 years' imprisonment for the murder conviction alone.

A summary of the evidence introduced at trial can be found in our opinion in the first appeal of this cause (98 Ill. App. 3d 743, 744-45, 424 N.E.2d 663, 665-66) and need not be repeated here. At the resentencing hearing, defendant presented the following additional testimony. Eunice Berryhill, defendant's great-aunt, described defendant's history of abuse of drugs and alcohol. Defendant himself testified at the resentencing hearing for the first time in any of the proceedings of this cause. He related his vocational training received during an earlier incarceration and his art work during his present incarcera-

tion. He described his past drug and alcohol abuse and the counseling he had undergone during his present incarceration. Defendant expressed regret for taking a man's life.

Defendant then testified concerning the murder of Dale Helgeson on July 20, 1979. He drove with his brother to the Tenstopet Tavern, parked in the rear parking lot and entered the back door to use the toilet. He had been drinking heavily and smoking marijuana from about 3 or 4 in the afternoon of that day. While he was using the urinal, the victim entered and went over to the toilet. He appeared intoxicated and staggering, and had money sticking out of his upper left-hand shirt pocket. Defendant came up behind the victim with the intent of grabbing his money and running out the door. As defendant reached out, the victim spun around, hit defendant and grabbed hold of his hair. A fight ensued during which the victim hit defendant's head against the restroom wall, and defendant attempted to get loose. Defendant grabbed both of the victim's thumbs as the victim's hands were holding defendant's hair, and bent the thumbs until they cracked and went limp. The victim still held defendant's hair, and was hitting his head against the wall, and at that point defendant pulled a knife from his pocket and stabbed the man until he let go. Defendant then grabbed the victim's money and wallet from the bathroom floor and ran out to his car. He sent his brother back into the tavern to recover his glasses. He first realized that the victim had died through a radio report as he was riding in his car about an hour or an hour and a half later.

On appeal, defendant raises three issues: whether the resentencing court (1) improperly failed to consider defendant's testimony as evidence offered in mitigation; (2) improperly failed to make an independent assessment of the factor upon which it imposed an extended term; and (3) erred in finding defendant's behavior to be exceptionally brutal or heinous indicative of wanton cruelty.

■■ With regard to his first contention, defendant points out that section 5—4—1(a)(3) of the Unified Code of Corrections (Code) requires a sentencing court to consider evidence and information offered by the parties in aggravation and mitigation. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—4—1(a)(3).) At the resentencing hearing at issue here, defendant testified regarding the factual circumstances of the murder. Defendant contends that the trial court erred in failing to give consideration to his testimony offered in mitigation.

There is a strong presumption that a judge's sentencing decision is based upon proper legal reasoning. (*People v. Horstman* (1981), 103 Ill. App. 3d 17, 430 N.E.2d 523.) Where evidence offered in mitiga-

tion and before the trial court, the sentencing judge will be presumed to have considered it unless there is some statement in the record, aside from the sentence imposed, which would tend to indicate otherwise. (*People v. Fugitt* (1980), 87 Ill. App. 3d 1044, 409 N.E.2d 537.) Here, the sentencing judge heard defendant testify about the crime. However, defendant argues that the record shows that the judge did not consider that testimony because (1) in the court's sentencing analysis reference was made to defendant's testimony concerning his activities during his present incarceration while no reference was made to his testimony regarding the facts of the murder, and (2) the court stated, at a point after defendant's testimony, that "[n]o one has questioned the original [presentence] report which I have indicated is a part of what the Court will consider."

■ The court's failure to specifically mention defendant's testimony regarding the murder does not show that the court failed to consider that testimony. The court is not obligated to recite, and assign value to, each fact presented at a sentencing hearing. *People v. Meeks* (1980), 81 Ill. 2d 524; *People v. McFarland* (1981), 93 Ill. App. 3d 136, 416 N.E.2d 769.

The sentencing court's remark that no one had questioned the original presentence report was made in response to an objection by defense counsel. Defense counsel had objected when the prosecutor argued that defendant had agreed to the report's statement of facts through his acceptance of the report. Defendant apparently suggested that, because his testimony differed from the report's statement of facts, his testimony was a challenge to the report which the court had ignored. However, a more reasonable interpretation of the court's remark is that no specific objection had been made to the report. Section 5—4—1(a)(2) of the Code (Ill. Rev. Stat. 1981, ch. 38, par. 1005—4—1(a)(2)) requires the sentencing court to consider any presentence report, and it is the duty of the party to bring to the court's attention any alleged deficiency or inaccuracy in a presentence report. (*People v. Meeks* (1980), 81 Ill. 2d 524.) We are of the opinion that the court's remark was addressed to defendant's failure to point out an alleged inaccuracy in the report and not to an absence of contradictory evidence at the resentencing hearing.

Thus, defendant has not overcome the presumption that the court considered evidence offered in mitigation which it had received.

■ With regard to his second contention, defendant points out that section 5—4—1(b) of the Code requires that a judge impose sentence based upon his independent assessment of the sentencing elements. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—4—1(b).) At the resen-

tencing hearing, defendant was sentenced to an extended term of imprisonment on the basis of the court's finding that defendant's criminal conduct had been accompanied by such brutal and heinous behavior that it was indicative of wanton cruelty. (See Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3.2(b)(2).) Defendant contends that the trial court's finding of brutal and heinous behavior was not based upon its independent assessment but rather was a mere ratification of the same finding in the original sentencing hearing. The State initially argues that if there was a mere ratification it was not reversible error on the facts of that case. The State secondly argues that in any event the record demonstrates the resentencing court's independent assessment of brutal and heinous behavior. Because we conclude that the record substantiates this second argument, a consideration of the first is unnecessary.

Defendant quotes from the record at length, arguing that it demonstrates that an independent assessment was not made. The quoted remarks may be read to indicate a belief by the court that a new finding of brutal or heinous behavior is not necessary where defendant did not challenge that finding on the first appeal and the appellate court's reversal was not related to that finding. Whether or not this was an accurate statement of law, the remarks of Judge Sype, the resentencing judge, also indicate that he made his own distinct finding and was not merely carrying over the finding of Judge Ghent, the first judge. Judge Sype stated the following: that he must address "the entire question of sentencing"; "I concur" in certain of Judge Ghent's findings; and "I have found and I find" that defendant's conduct was brutal and heinous. Addressing the entire question of sentencing necessarily involved a finding of brutal or heinous behavior because that was the only applicable prerequisite factor for the imposition of an extended term of sentence. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3.2(b).) To concur is to agree or to accord. (Black's Law Dictionary 263 (5th ed. 1979).) This implies only that the same finding had been reached, not that the second finding was dependent upon the first. Finally, the first-person, present-tense declaration "I find" after examination of all the evidence connotes an independent assessment by Judge Sype.

With regard to defendant's third and final contention, defendant was sentenced to an extended term on the basis of the resentencing court's finding that defendant's conduct in a murder was exceptionally brutal or heinous behavior indicative of wanton cruelty pursuant to section 5—5—3.2(b)(2) of the Code (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3.2(b)(2)). Defendant now contends that the facts of this case

do not support that finding.

The State initially argues, without citation to authority, that defendant has waived this issue because he did not raise it on the first appeal. At the first hearing, the court did make the same finding of brutal and heinous behavior, where it was the basis for imposing a term of natural life imprisonment. (See Ill. Rev. Stat. 1979, ch. 38, pars. 1005—8—1(a)(1), (b).) On the first appeal, defendant did not challenge that finding, although he did challenge the sentence on a different ground. See *People v. Goodman* (1981), 98 Ill. App. 3d 743, 424 N.E.2d 663.

The relevant rule here is that where a convicted person has appealed from the judgment of conviction, the judgment of the reviewing court makes *res judicata* all issues actually decided by that court, and all issues which could have been presented to that court and which were not are considered to have been waived. (*People v. James* (1970), 46 Ill. 2d 71; *People v. Willis* (1979), 79 Ill. App. 3d 617, 398 N.E.2d 861.) In *James*, the supreme court affirmed the trial court's dismissal of the defendant's petition for post-conviction relief in which James contended for the first time that certain of his constitutional rights were violated in connection with the mechanics of his sentencing. James had already prosecuted an unsuccessful appeal without raising that issue.

The case at bar presents a different situation. Defendant here challenges a finding of the *resentencing* court, not of the original sentencing court. As we have already observed, the second finding of brutal and heinous conduct agreed with but did not constitute merely a restatement of the first such finding. The rule in *James* would prevent defendant from challenging now that first finding; it does not, however, prevent defendant from raising on this appeal that which he could not have raised in the first appeal: the alleged error in the sentencing after remand.

Defendant first argues that the finding was error because the evidence showed that his actions were committed under a subjective belief that the actions were necessary in his own self-defense. In *People v. Evans* (1981), 87 Ill. 2d 77, our supreme court held that actions committed under a subjective belief, albeit unreasonable, that the actions were in self-defense do not constitute wanton cruelty so as to permit an extended term. In *Evans*, it should be noted, the jury's verdict of voluntary manslaughter rather than murder necessarily revealed its conclusion that a subjective belief was present. 87 Ill. 2d 77, 88.

The State argues that the jury's verdicts here foreclose a

finding that defendant acted in self-defense. The jury found defendant guilty of murder and armed robbery. A homicide committed while committing a forcible felony such as armed robbery is murder. (Ill. Rev. Stat. 1979, ch. 38, par. 9—1(a)(3).) In the first appeal, defendant claimed error in the failure of the court to give a voluntary manslaughter instruction, in part because of an alleged subjective though unreasonable belief of acting in self-defense. (See Ill. Rev. Stat. 1979, ch. 38, par. 9—2(b).) This court found the failure to give that instruction to be harmless error because, although the jury should decide whether the defendant had acted in that subjective belief, the fact that defendant was found to have been committing a forcible felony precluded the subjective belief element, if present, from reducing the murder to manslaughter. (*People v. Goodman* (1981), 98 Ill. App. 3d 743, 748, 424 N.E.2d 663, 668; see Ill. Rev. Stat. 1979, ch. 38, pars. 9—2(b), 7—4(a).) Thus, the murder verdict in this case was determinative of neither the presence nor absence of that alleged subjective belief.

Defendant points to evidence of a struggle between the victim and himself as proof of that subjective belief. While this court has recognized that the pulled hair and broken toes of defendant were evidence of combat (*People v. Goodman* (1981), 98 Ill. App. 3d 743, 747, 424 N.E.2d 663, 667), the fact that the victim attempted to fight back to some extent is not proof that defendant subjectively believed that deadly force was necessary to protect himself. The only evidence of conduct by the victim which might be considered more than just defensive is the testimony of defendant that the victim repeatedly hit him and struck his head against the wall. Defendant also testified that he broke the victim's thumbs and stabbed him in order to stop this offensive conduct. While this testimony is some evidence of a subjective belief, the court was entitled to disbelieve this testimony. This is especially true in light of the inconsistencies between defendant's testimony and the evidence at trial.

■ Defendant also maintains that the objective facts alone do not establish the aggravated circumstances necessary to warrant an extended term. Here, the victim received 10 stab wounds. There were also two lacerations, one like a slash wound to the left cheek and one over the left eye, which may have been caused in the process of falling. Defendant cites cases where extended terms were imposed upon evidence of various aggravated circumstances not present here. It has been held that statutory language authorizing a greater sentence where conduct is "accompanied by exceptionally brutal or heinous behavior, indicative of wanton cruelty" does not limit the imposition of

the greater sentence to only those murders involving torture or the infliction of unnecessary pain. *People v. La Pointe* (1981), 88 Ill. 2d 482, 501 (where the statutory language discussed, identical to that authorizing an extended term, authorized a natural life imprisonment sentence in murder convictions (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(a)(1))).

The determination and imposition of a sentence is a matter involving considerable judicial discretion. (*People v. La Pointe* (1981), 88 Ill. 2d 482.) Here, the court was presented with evidence of a murder in conjunction with armed robbery in which an intoxicated and unarmed victim was stabbed at least 10 times. Given that the aggravating factor in the extended-term provision need not be established beyond reasonable doubt (*People v. Perez* (1981), 101 Ill. App. 3d 64, 427 N.E.2d 820), we hold that the resentencing court did not abuse its discretion in finding defendant's behavior to be exceptionally brutal or heinous indicative of wanton cruelty under the facts of this case.

Accordingly, we affirm the sentence of the circuit court of Winnebago County.

Affirmed.

HOPF and VAN DEUSEN, JJ., concur.