THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICK J. MOSKOWITZ, Defendant-Appellant.

Third District   No. 3—90—0280

Opinion filed February 26, 1991.

Ruud, Scovil & Neppl, of Rock Island (Douglas C. Scovil, of counsel), for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (Rita Kennedy Mertel and John X. Breslin, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

The defendant, Rick J. Moskowitz, entered a negotiated plea of guilty to one count of felony theft (Ill. Rev. Stat. 1985, ch. 38, par. 16–1(a)(2)) in exchange for dismissal of a second theft count and the State's promise not to seek a term of imprisonment greater than three years. Following a presentence investigation and sentencing hearing, the defendant was sentenced to three years in the Department of Corrections. The defendant's motion to reduce sentence was denied, and he now appeals, contending that the trial court abused its discretion in imposing a sentence of three years. We affirm.

The record indicates that the defendant, an attorney, converted in excess of $50,000 belonging to a client to his own use. At the sentencing hearing, the State presented no evidence in aggravation; a number of witnesses testified for the defendant in mitigation. That testimony indicated that the defendant has been married for 20 years and has three children. His wife earns approximately $450 per month as a teacher's aide and cannot support the family by herself. Several witnesses testified that the defendant is a devoted family man and trusted friend and that his dishonesty was completely out of character. The defendant was experiencing severe financial pressure due to bankruptcy and unpaid taxes. The probation officer who prepared the presentence report testified that the defendant was remorseful, was likely to successfully complete a period of probation, and would not benefit from incarceration. Further evidence indicated that the defendant made partial restitution, had been offered employment, had no prior offenses, and was active in community service. The defendant's doctor, a dermatologist, stated in a report that the defendant suffers from various physical and emotional ailments including allergies, migraine headaches, hiatal hernia, vascular disease, possible peptic ulcer and diabetes, and severe depression. The doctor concluded that the defendant is unlikely to survive incarceration.

In sentencing the defendant, the trial judge cited sections 5—5—3.2(a)(6) and (a)(7) of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, pars. 1005—5—3.2(a)(6), (a)(7)) as factors in aggravation. Section 5—5—3.2(a)(6) states that the defendant "utilized his professional reputation or position in the community to commit the offense, or to afford him an easier means of committing it." (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3.2(a)(6).) Section 5—5—3.2(a)(7) refers to the need to deter others from committing the same crime. The judge also expressed his belief that society is entitled to hold professional people such as lawyers, doctors, and accountants to a higher moral and ethical standard than others because "we entrust them with our funds and entrust them with our lives."

The defendant contends that his sentence is excessive and is not in keeping with the objective of restoring him to useful citizenship. Specifically, the defendant argues that the trial court failed to give sufficient weight to the numerous factors in mitigation; that it arbitrarily denied probation because the defendant fell within the court's "disfavored class" of defendants; and that the judge's statement that this was one of the few days in 18½ years that he did not look forward to sitting on the bench demonstrates that the judge summarily dismissed the defendant's argument for probation. We do not agree.

■ The sentencing judge is charged with the difficult task of fashioning a sentence which strikes the appropriate balance between protection of society and rehabilitation of the offender (*People v. Cox* (1980), 82 Ill. 2d 268, 280, 412 N.E.2d 541, 547), and that determination will not be disturbed absent an abuse of discretion (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882). The sentencing judge is not obligated to recite and assign value to each fact presented at a sentencing hearing. (*People v. Meeks* (1980), 81 Ill. 2d 524, 411 N.E.2d 9; *People v. Goodman* (1983), 116 Ill. App. 3d 125, 128, 451 N.E.2d 607, 610.) When mitigating evidence is presented to the court, it is presumed that the court considered the evidence absent some indication, other than the sentence itself, to the contrary. (*People v. Sawyer* (1985), 139 Ill. App. 3d 383, 487 N.E.2d 662, *aff'd* (1986), 115 Ill. 2d 184, 503 N.E.2d 331.) Here the court heard a considerable amount of testimony in mitigation, and it is clear from the judge's comments that this evidence was considered. It is not the function of a reviewing court to serve as a sentencing court, and we will not substitute our judgment for that of the trial court merely because we might have balanced the appropriate factors differently if the task had been ours. *Cox*, 82 Ill. 2d at 280, 412 N.E.2d at 547.

■ The defendant also contends that the judge's statement that professional people are held to a higher moral and ethical standard than others demonstrates that the judge arbitrarily denied probation because the defendant fell within the judge's category of disfavored offenders (see *People v. Bolyard* (1975), 61 Ill. 2d 583, 338 N.E.2d 168). We believe, however, that the judge was simply commenting on the applicability of section 5—5—3.2(a)(6) as an aggravating factor. That section expressly allows the sentencing judge to consider the defendant's use of his professional reputation in committing the offense. We find no error.

■ Finally, we find nothing improper in the trial judge's expression of regret at having to preside at the sentencing of a fellow member of the bar and a man whom he had regarded as a friend for many years. Such feelings are not unexpected from one having to perform such a distasteful duty, and we do not glean from such a comment any intent by the judge to summarily dismiss the defendant's argument for probation.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

GORMAN and McCUSKEY, JJ., concur.