THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD P. COPPULA, Defendant-Appellant.

Third District    No. 3—90—0550

Opinion filed April 5, 1991.

Verlin R. Meinz, of State Appellate Defender's Office, of Ottawa, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (Jay P. Hoffman, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The defendant, Richard P. Coppula, pled guilty to theft (Ill. Rev. Stat. 1989, ch. 38, par. 16—1(a)) in exchange for the State's agreement not to seek a term of imprisonment greater than three years. The trial court sentenced him to three years' imprisonment. The defendant appeals, arguing that his sentence was excessive.

The presentence report indicated that the 38-year-old defendant was an attorney, with one prior conviction for speeding. He had two children and was separated from his wife. He had previously worked as an assistant State's Attorney and was in private practice when he committed the theft in question.

At the sentencing hearing, Rick McIntire testified that the defendant had obtained a $7,500 settlement in a suit involving the death of McIntire's father. Instead of giving the money to McIntire, as he was supposed to, the defendant kept it. At one point, he sent McIntire a check which bounced. McIntire noted that he hoped to receive restitution.

The defendant's probation officer and a court services officer each testified that the defendant seldom reported to probation authorities, as was a condition of his personal recognizance release. Further, he had left the State without permission.

The defendant's wife and his psychiatrist testified that he had mental health problems. His wife stated that one moment he would be very tight with his money and the next moment he would spend it frivolously on expensive, unneeded items. The psychiatrist opined that the defendant suffered from manic depression and noted that the defendant was taking drugs to regulate his disorder. The psychiatrist was not sure whether there was any causal connection between the defendant's mental illness and the crime he had committed.

The defendant acknowledged that he had made a mistake in spending the settlement money. He noted that he thought the check he wrote to McIntire would clear the bank. He further noted that he wanted to pay restitution. The defendant claimed that he had received permission from his probation authorities to leave the State. He also claimed that he had reported to the probation office as often as possible under the circumstances of his construction job. At the time of the sentencing hearing, he was training to be a truck driver.

The trial court sentenced the defendant to three years in prison. In doing so, the court found that while the defendant had mental problems, he knew what he was doing when he took the money. The court further found that the most important aggravating factor was that the defendant used his professional reputation as an attorney to commit the offense. The court also noted that the sentence was necessary to deter others. It concluded with the statement that it was necessary to send a message to the public that attorneys who violated their positions of trust would be punished.

On appeal, the defendant argues that the trial court overemphasized the seriousness of the offense and did not adequately consider the mitigating evidence.

■■ Theft of property exceeding $300 in value but not more than $10,000 is a Class 3 felony, punishable by imprisonment from

two to five years. (Ill. Rev. Stat. 1989, ch. 38, pars. 16—1(b)(4), 1005—8—1(a)(6).) In determining an appropriate sentence, the defendant's history, character, and rehabilitative potential, along with the seriousness of the offense, the need to protect society, and the need for deterrence and punishment, must be equally weighed. (*People v. Darnell* (1981), 94 Ill. App. 3d 830, 419 N.E.2d 384.) When mitigating evidence is before the trial court, it is presumed the court considered the evidence absent some indication, other than the sentence itself, to the contrary. (*People v. Sawyer* (1985), 139 Ill. App. 3d 383, 487 N.E.2d 662.) Sentencing is a matter of judicial discretion, and absent an abuse of that discretion by the trial court, a sentence may not be altered on review. *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.

██ The facts and issue in this case are quite similar to those in *People v. Moskowitz* (1991), 209 Ill. App. 3d 812. As in *Moskowitz*, we find no abuse of discretion by the instant trial court. The defendant's sentence, while at the upper end of the limit agreed to by the State, was only a year beyond the minimum prison term. There is no indication in the record that the court failed to consider the mitigating factors before it. Additionally, the court could properly consider the seriousness of the defendant's having violated his position of trust as an attorney and the need for deterrence. Under these circumstances, we find that the defendant's three-year sentence was not excessive.

The judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

BARRY and SLATER, JJ., concur.