THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
TERRANCE SAWYER, Defendant-Appellant.
Third District    No. 3—85—0231

Opinion filed December 20, 1985.

384

Robert Agostinelli and Gary R. Peterson, both of State Appellate Defender's Office, of Ottawa, for appellant.

John R. Clerkin, State's Attorney, of Macomb (John X. Breslin and John M. Wood, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Terrance Sawyer, was convicted of voluntary manslaughter in the stabbing of Garry D. Kennedy. On appeal, the defendant challenges both his conviction and his sentence.

The defendant was visiting Belinda Stevens in Macomb on September 20, 1983. Belinda was the mother of the defendant's child. At approximately 10 p.m., the victim Kennedy came to Belinda's resi-

dence. Stevens had also been dating Kennedy. The defendant, Belinda and Kennedy were each, at various times, students at Western Illinois University. After entering the house with Belinda's permission, Kennedy asked Belinda to choose between the defendant and him. When Belinda chose the defendant, Kennedy hit her. Belinda then asked Kennedy to leave. Kennedy hit Belinda again.

During this time, the defendant was in the bedroom packing his bags to return to his home. The defendant heard Kennedy hit Stevens and went to the hallway where Belinda was lying on the floor. The defendant then walked into the kitchen, picked up a knife, and placed the knife on a desk in the hallway. Before the defendant returned to the hallway, Kennedy left the house.

The defendant followed Kennedy out onto the porch. The two men walked to the lawn and talked. Then the defendant returned to the house with Kennedy following him. As the defendant entered the house, Belinda told Kennedy not to come into the house. However, Belinda did not try to prevent Kennedy from entering.

The defendant walked to the hallway desk. Belinda's roommate, Cheryl Sherman, was also in the hall. Kennedy was now approximately an arm's length from the defendant. The two men began wrestling and fell through the door. As they fell, the defendant landed on top of Kennedy. When the defendant stood up, Kennedy was bleeding from a chest wound. Kennedy died of the stab wound to his chest.

When Macomb police arrived, the defendant waived his *Miranda* rights and told the police that he had gotten the knife because he was afraid Kennedy would return and cause trouble. He admitted to stabbing Kennedy during their struggle. During subsequent questioning, the defendant stated that he had known Kennedy since high school. The defendant knew that Kennedy carried a gun which he had displayed during a fight at the university.

The defendant was charged with voluntary manslaughter, based upon his unreasonable belief that deadly force was justified. At trial, the defendant raised the affirmative defense of justified use of force in the defense of a dwelling. The jury convicted the defendant of voluntary manslaughter. The defendant was sentenced to a four-year term of imprisonment. This appeal followed.

■ The defendant initially argues that his conviction must be reversed because the State failed to disprove his affirmative defense beyond a reasonable doubt.

The affirmative defense raised by the defendant is codified in section 7–2 of the Criminal Code of 1961, which provides, in relevant part, that a person is justified in using force which is intended or

likely to cause death or great bodily harm in the defense of a dwelling only if

> "(a) The entry (into the dwelling) is made or attempted in a violent, riotous or tumultuous manner, and he reasonably believes that such force is necessary to prevent an assault upon, or offer of personal violence to, him or another then in the dwelling, ***." Ill. Rev. Stat. 1983, ch. 38, par. 7—2.

We find that the evidence disproved beyond a reasonable doubt that the defendant was justified in using deadly force under section 7—2. Subsection (a), on which the defendant relied, specifically provides that the entry onto the dwelling must be made or attempted in a violent, riotous or tumultuous manner. Here, Kennedy simply walked back in through the front door. The only aggressive element in Kennedy's entry was the fact that Kennedy ignored Belinda's request that he not enter. Such an entry does not qualify as riotous, violent or tumultuous.

The defendant relies upon the decision in *People v. Givens* (1962), 26 Ill. 2d 371, 186 N.E.2d 225, in support of his argument that his defense was not disproved. In *Givens*, the court found that Givens was justified in shooting an intruder in his boardinghouse room. In so holding, the court did not specifically address the issue of violent entry. The court noted, however, that the intruder was a stranger to Givens. Further, Givens had just passed the intruder in a hallway and had seen the intruder fighting with another man when the intruder entered Givens' room.

Given the factual distinctions and the dearth of analysis regarding violent entry, *Givens* does not support the defendant's argument in the case at bar. The defendant's conviction must be affirmed.

■ The defendant also argues that his sentence must be vacated because the trial court failed to consider several factors in mitigation when imposing sentence and considered an improper factor in aggravation.

The trial court considered as a factor in aggravation that the sentence was necessary to deter others from committing the same offense. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3.2(a)(7).) The defendant asserts that this factor was not applicable because his conviction entailed a finding that he unreasonably believed that the use of deadly force was justified. An unreasonable belief, the defendant argues, cannot be deterred.

We find no merit in the defendant's argument. The defendant chose to respond to a nonviolent situation with deadly force. It was the defendant's act of making a knife available which caused the con-

frontation to become life-threatening. Such a response to a nonviolent situation may be deterred. The trial court did not err in considering this factor in aggravation.

The defendant's second argument with respect to sentencing is that the trial court failed to consider factors in mitigation which were established by the evidence. The defendant bases his assertion on the trial court's failure to consider other mitigating factors.

The sole mitigating factor recited by the trial court was that the defendant had no history of prior delinquency or criminal activity. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3.1(a)(7).) However, the trial court explicitly stated that it had examined the presentence and supplemental reports and had heard all of the evidence. The court continued: "The evidence which I have heard in this particular case leads me to believe that the defendant's presumption for probation is overcome by the evidence presented."

■ The statutory requirement that the trial judge set forth on the record his reasons for a particular sentence does not obligate the judge to recite each factor. Where mitigating evidence is before the court, it is presumed that the sentencing judge considered the evidence, absent some indication other than the sentence itself to the contrary. *People v. Baker* (1983), 114 Ill. App. 3d 803, 448 N.E.2d 631.

■ In the instant case, the trial court noted that it had heard all of the evidence. Nothing in the record indicates that the court failed to consider mitigating evidence. The defendant received the minimum sentence allowed by law.

The judgment of the circuit court of McDonough County is affirmed.

Affirmed.

HEIPLE, P.J., and SCOTT, J., concur.