THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
GEORGE DUNCAN, Defendant-Appellant.

Third District   No. 3—88—0769

Opinion filed April 4, 1990.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

In May 1980, the defendant, George Duncan, was convicted of murder and that conviction was affirmed on appeal. (*People v. Duncan* (1981), 97 Ill. App. 3d 896, 424 N.E.2d 67.) He was subsequently granted a new trial after petitioning for *habeas corpus* relief. Following his retrial, the court again convicted him of murder (Ill. Rev. Stat. 1987, ch. 38, par. 9—1) and sentenced him to 36 years in prison. The defendant appeals the length of his sentence. We affirm.

At trial, it was undisputed that the defendant killed his live-in girlfriend, Yvette Searle. The defendant testified that when Yvette told him she was a prostitute, he began hitting her. He could not recall how many times he hit her, but noted that after he was done he laid her on a bed and shortly thereafter told her to get up. She did not move, so he heated a knife and put it on her arm to see if she was really unconscious. He stated that her arm moved and he therefore assumed she was still alive. He then left the apartment and went drinking with his brother.

Dr. Phillip Immesoete testified that the cause of Yvette's death was a ruptured liver and that she would have lived for about one hour after her liver ruptured. He also stated that a ruptured liver is extremely painful and would have caused Yvette to double over in pain. Furthermore, he testified that Yvette's face, head, and arms were badly bruised, and she had contusions all over her body, along with broken ribs and badly bruised lungs and bowels. Further medical testimony revealed that the defendant had bitten Yvette's arm twice.

The trial court rejected the defendant's argument that he was acting under a sudden and intense passion and found him guilty of murder.

The defendant's presentence report showed that at the time of his sentence he was 43 years old and had never been married, though he was the father of four children. The report also showed that the defendant had served in the army and been given an honorable discharge. He had one prior misdemeanor conviction for theft in 1969. Further evidence showed that, since his incarceration in 1980 for the instant offense, the defendant had been assigned to the "honor dorm" and had attended adult education classes. The report noted that in 1988 he had received a disciplinary ticket while in the Peoria county jail. He was disciplined for disrespect to an officer and for failing to

wear his identification wristband.

At the sentencing hearing, the defendant's brother, minister Chris Duncan, testified on behalf of the defendant. He stated that, during the defendant's eight years of incarceration, he had turned 180 degrees for the better. He further stated that the defendant had strong family support and that he knew of several businessmen who would hire the defendant. He believed that the defendant's spiritual change was real and that the religious community he was involved with would accept him.

In sentencing the defendant, the trial court expressly noted that it was considering the information in the presentence report, the evidence presented in mitigation and aggravation, and the statements made by the defendant on his own behalf. In addition, the court noted that the defendant's conduct was accompanied by exceptionally brutal and heinous behavior indicative of wanton cruelty.

On appeal, the defendant first argues that the trial court failed to give proper consideration to certain mitigating factors. Specifically, he contends that the court failed to consider that he was acting under a sudden and intense passion caused by Yvette's telling him she was a prostitute.

Sentencing is a matter of judicial discretion and, absent an abuse of that discretion, a sentence may not be altered on review. (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.) The statutory requirement that the trial judge set forth on the record his reasons for a particular sentence does not obligate the judge to recite each factor and set a value on it. (*People v. Taylor* (1987), 164 Ill. App. 3d 938, 518 N.E.2d 409.) Where mitigating evidence is before the court, it is presumed that the judge considered the evidence, absent some indication other than the sentence itself to the contrary. *People v. Sawyer* (1985), 139 Ill. App. 3d 383, 487 N.E.2d 662.

In the instant case, the trial court specifically noted that it was considering the evidence presented at trial, the presentence report, the testimony of Chris Duncan, and the defendant's comments regarding the murder. We note that during trial the court was presented with the defendant's claim of provocation. We therefore find nothing in the record indicating that the court failed to consider any proper mitigating factors.

The defendant next argues that the trial court erred in finding that his conduct was accompanied by brutal and heinous behavior indicative of wanton cruelty. Specifically, he argues that Yvette's actions provoked him to such intense passion that he lacked the mental state necessary for his actions to constitute wanton cruelty.

The medical testimony in this case showed that the defendant bit and stabbed Yvette. In addition, it showed that Yvette died from a ruptured liver and that she was beaten so severely that she had bruises over her entire body. Furthermore, she suffered additional internal injuries in that she had broken ribs and bruised lungs and bowels. The testimony also established that Yvette suffered severe pain before her death.

■ Based upon the foregoing evidence, we find that the trial court did not abuse its discretion in holding that Yvette's mere words were not sufficient to provoke the defendant to a level of passion that would justify his actions. Accordingly, we hold that the court did not abuse its discretion in finding that the defendant's actions were indicative of wanton cruelty.

The defendant's final argument is that the trial court erred in considering in aggravation that his conduct was accompanied by exceptionally brutal and heinous behavior indicative of wanton cruelty. Citing the fourth district case of *People v. Killen* (1982), 106 Ill. App. 3d 65, 435 N.E.2d 789, the defendant argues that this factor can only be considered when imposing an extended-term sentence.

■ We decline to follow *Killen* and instead follow the weight of authority, which allows consideration of the brutality or heinousness of the defendant's acts even when an extended term is not being imposed. (See *People v. Butts* (1985), 135 Ill. App. 3d 132, 481 N.E.2d 987; *People v. Williams* (1987), 159 Ill. App. 3d 527, 512 N.E.2d 35; *People v. Jorgensen* (1989), 182 Ill. App. 3d 335, 538 N.E.2d 758.) We agree with these appellate courts that nothing in the sentencing guidelines prohibits trial courts from considering the brutal character of the defendant's conduct when evaluating a nonextended term.

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

BARRY and SCOTT, JJ., concur.