THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES E. WATSON, JR., Defendant-Appellant.

Third District   No. 3—90—0269

Opinion filed December 18, 1991.

Daniel Kirwan, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Raymond Kimbell III, State's Attorney, of Galesburg (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GORMAN delivered the opinion of the court:

A jury convicted the defendant, James E. Watson, Jr., of attempted murder, armed robbery, and conspiracy to commit armed robbery (Ill. Rev. Stat. 1989, ch. 38, pars. 8—4, 9—1, 8—2, 18—2). He was subsequently sentenced to concurrent 18-year terms of imprisonment for attempted murder and armed robbery. He appeals, and we affirm.

The record shows that following his trial, the defendant filed a motion for a new trial, alleging the existence of newly discovered evidence. The newly discovered evidence consisted of a letter written by attorney John J. O'Gara, the public defender of Knox County. The motion stated that on October 3, 1989, O'Gara, who had previously been appointed to represent the defendant in three unrelated misdemeanor cases, heard that the defendant had been involved in some type of serious altercation. O'Gara's letter informed various local law enforcement agencies that he wanted to confer with the defendant prior to any questioning by the police. However, even though the police were aware of the letter, they did not contact O'Gara prior to interviewing the defendant. During the interview, the defendant made incriminating statements.

The motion further alleged that had the defendant been aware of the existence of the letter he would have filed a motion to suppress his incriminating statements based on the violation of his constitutional right to counsel. Following an evidentiary hearing, the trial court denied the defendant's motion, finding that the interrogation was noncustodial and, as such, the defendant's rights were not violated.

On appeal, the defendant first argues that the trial court erred in finding that he was not in custody when he gave his statement.

■■ ■ Custodial interrogation, which the *Miranda* decision governs, means questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. In determining whether a statement was made in a custodial setting, the court must look to all of the

circumstances surrounding the questioning, with no single factor deemed controlling, and then objectively evaluate whether a reasonable, innocent person would have believed he was free to leave or was expressly or impliedly bound to remain in the presence of the police. (*People v. Savory* (1982), 105 Ill. App. 3d 1023, 435 N.E.2d 226.) Factors to be considered in this inquiry include the location, time, length, mood, and mode of the interrogation, the number of police officers present, and any indicia of formal arrest of the subject including physical restraint, show of weapons or force, booking, fingerprinting or informing the person he is under arrest. Also included is the age, intelligence, and mental makeup of the accused. (*People v. Leamons* (1984), 127 Ill. App. 3d 1056, 469 N.E.2d 1137.) Finally, the fact that a defendant was given *Miranda* warnings does not automatically establish that the defendant was taken into custody or placed under arrest. *People v. Reed* (1982), 104 Ill. App. 3d 331, 432 N.E.2d 979.

█ In the case at hand, the record shows that at 10 a.m. on October 9, 1989, the police went to the defendant's residence. At the time, they possessed information indicating that the defendant might have been at the scene of an armed robbery. After arriving at the defendant's home, they were let in by the defendant's mother and were informed that the defendant was sleeping. The defendant was awakened by his mother and came downstairs, whereupon the police officers told him why they were there. They then asked him if he would accompany them to the police station to answer some questions. The defendant without hesitation or objection agreed to accompany the officers to the station for questioning. He was then allowed to leave the officers' presence to get dressed.

The evidence also showed that the police officers never displayed any weapons or showed any force. They never told the defendant he was under arrest, nor did they handcuff him or restrain him in any manner.

After arriving at the police station, the defendant was taken to an interview room, where he was left alone for awhile. No guard was placed outside the door to prevent the defendant from leaving, and he was never searched, fingerprinted, or placed in a lineup. He was given *Miranda* warnings, but waived his rights and agreed to talk to the police.

We find that the circumstances surrounding the questioning of the defendant support the trial court's finding that the defendant was not in custody when he gave his statements. As such, we hold that the trial court did not abuse its discretion in denying the defendant's motion.

We also find it worthy of note that the defendant never asserted his right to counsel even after he was given *Miranda* warnings. We note that it is solely the obligation of the defendant to exercise this fundamental right. It is not a right that unretained counsel can invoke on the defendant's behalf when the defendant himself has waived it. Unlike the fifth amendment, which requires police to cease all interrogation of a suspect once he requests counsel, the sixth amendment is offense-specific. An accused has the right to waive counsel on an uncharged offense even if the defendant already has counsel on an unrelated charged offense. *McNeil v. Wisconsin* (1991), 501 U.S. ___, 115 L. Ed. 2d 158, 111 S. Ct. 2204.

■ The defendant next argues that the trial court abused its discretion in sentencing him to 18 years of imprisonment. Specifically, he argues that the court failed to properly consider the mitigating factors presented.

Sentencing is largely a matter of judicial discretion and, absent an abuse of discretion, a sentence may not be altered on review. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) When mitigating evidence is before the trial judge, it is presumed he considered the evidence absent some indication, other than the sentence itself, to the contrary. (*People v. Sawyer* (1985), 139 Ill. App. 3d 383, 487 N.E.2d 662.) Furthermore, when imposing sentence, a trial judge must balance the offender's rehabilitative potential with the seriousness of the offense. *People v. Leonora* (1985), 133 Ill. App. 3d 74, 477 N.E.2d 1277.

At the outset, the trial judge immediately noted that none of the statutory mitigating factors were present, but that the evidence presented certain aggravating factors. Based on the theory of accountability, the trial judge found that the defendant was responsible for causing serious bodily harm to the victim. It was established that the victim, a Pizza Hut delivery man, was beaten with a baseball bat that had been taped by the defendant. The victim was also stabbed with a kitchen knife by a codefendant.

In addition to the bodily harm factor, the trial court found that the defendant had a history of prior criminal activity, which included convictions for burglary, aggravated battery, and theft. The court also noted that the instant offenses were committed within two years of the aggravated battery and theft offenses. Finally, in aggravation, the court determined that the sentence of incarceration was necessary to deter others from committing the same type of crime.

In mitigation, the court found that no evidence was elicited at trial showing that the defendant had any indication that a knife would

be used during the course of the armed robbery. The court also stated that it was sentencing the defendant for his participation in the offenses with full knowledge that the defendant's participation did not involve the infliction of the actual blows. The court specifically stated that the distinction was crucial and that it "cut" in the defendant's favor.

Based on our review of the record, we cannot say that the trial court abused its discretion in sentencing the defendant to a term of 18 years of imprisonment. The defendant committed a serious offense. Further, there is no indication the court failed to consider any proper mitigating evidence before it.

Accordingly, the judgment of the circuit court of Knox County is affirmed.

Affirmed.

STOUDER, P.J., and HAASE, J., concur.