THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN RAUE, Defendant-Appellant.

Third District   No. 3—91—0461

Opinion filed October 15, 1992.

Kenneth D. Brown, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Burmila, Jr., State's Attorney, of Joliet (John X. Breslin and Robert M. Hansen, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, John Raue, was charged with the offenses of first degree murder (Ill. Rev. Stat. 1989, ch. 38, par. 9—1) and concealment of homicidal death (Ill. Rev. Stat. 1989, ch. 38, par. 9—3.1). The defendant pleaded guilty to the charge of concealment of homicidal death and received an extended-term sentence of 10 years' imprisonment. The cause went to a jury trial on the murder charge, following which the defendant was found guilty of first degree murder and sentenced to a prison term of 60 years. The sentences were to run consecutively. The defendant appeals, raising the following issues: (1) whether the trial court erred by failing to respond adequately to the jury's question concerning whether the defendant could be found guilty of first degree murder if some of the jurors believed he was guilty of second degree murder; (2) whether the trial court properly

sentenced the defendant to 60 years' imprisonment for first degree murder; and (3) whether the cause should be remanded because the trial court failed to admonish the defendant pursuant to Supreme Court Rule 605(b) (134 Ill. 2d R. 605(b)).

For the reasons that follow, we affirm the defendant's conviction and sentence for first degree murder, but remand with directions to allow the defendant to be properly admonished pursuant to Rule 605(b) and to file a post-plea motion.

The evidence adduced at trial establishes that on the morning of July 2, 1990, the body of the defendant's wife, Sonya Rene Raue, was found in the garbage in front of the defendant's house in Lockport, Illinois. Two garbagemen, Rick Gates and Doug Taxis, removed four black garbage bags from in front of defendant's house on the morning in question. After throwing the bags into the truck, Taxis turned on the blade in the back of the truck. When the blade came down on the garbage, a leg came out of one of the bags and fell into the hopper. Upon determining that it was a human leg, the two men called their boss and asked him to contact the police.

The police searched the truck at the Lockport city maintenance garage and found the rest of the victim's body parts in separate garbage bags. Inside one bag was a torso that was wrapped in a sheet and secured with white freezer tape. Inside another bag was a human head wrapped in clear plastic. The two arms and the right leg were in another bag; the limbs had been folded at the joints and tightly taped. The defendant's fingerprints were found on the bags.

Dr. Larry Blum testified that he performed an autopsy on the body of Sonya Raue on July 3, 1990. Dr. Blum's opinion was that the victim died of asphyxia due to ligature strangulation. Blum found two contusions on the back of the victim's head and ligature abrasions around her neck.

The defendant testified that he had been experiencing marital problems with his wife for the past couple of years. During this period, the victim began drinking heavily and seeing other men. The couple had decided to get a divorce in May of 1990, but then changed their minds and agreed to try a reconciliation.

On the evening of June 30, 1990, the defendant and his wife were watching television in the living room. Sonya decided to go out, and this caused an argument between them. Sonya went out, and the defendant fell asleep with their son, Jeremy, when he put him to bed. The defendant woke up when he heard Sonya return. When the defendant asked where she had been, she replied that it was none of his business. The defendant then noticed Sonya's panties inside her

purse. He yanked the purse off her shoulder, breaking the strap, and accused her of cheating on him again. At this point, Sonya slapped the defendant across the face. The defendant responded by shoving her against the wall. Sonya then kicked the defendant in the groin. Furious, the defendant jumped on top of Sonya and threw her to the ground. All the defendant remembered after this was being on top of Sonya and her being dead. He at first considered tying the body up in a blanket and disposing of it in a field. He then changed his mind and decided to dismember her and dispose of her body in the garbage.

During the defendant's trial on the murder charges, the jury sent a question to the judge which read as follows:

"If we have all agreed to first degree murder and some of us feel there is a preponderance of evidence that a mitigating factor is present so that he is guilty of a lesser offense of second degree murder instead of first degree murder, the question is: If we cannot unanimously agree that there is a preponderance of evidence that a mitigating factor is present, is the final verdict first degree?"

After consulting with both attorneys, the judge sent back a response which read:

"It is the burden of the defendant to prove the existence of mitigating factors by a preponderance of the evidence, and if that burden has not been met, the verdict is one of first degree murder. If that burden has been met, the verdict is one of second degree murder. Whatever verdict you reach must be unanimous."

The defendant now claims that this response by the trial judge was in error. We initially note that the defendant has waived this argument. If a party fails to object at trial and to raise the issue in its post-trial motion, the party effectively waives the issue for appellate review. (*People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124.) The defendant failed to object to the response when it was offered and also failed to list it as error in his post-trial motion. A defendant who agrees with the judge's answer to a jury's question cannot later complain that the judge abused his discretion. (*People v. Reid* (1990), 136 Ill. 2d 27, 554 N.E.2d 174.) The defendant claims that the issue was not waived because he presented his claim of error to the trial judge when he initially stated that the answer to the jury's question should be "no." This argument ignores the fact that the attorneys and the judge discussed at length how to answer the question and came up with the above response. When the judge finally proposed the above response, he asked both attorneys if it was satisfactory;

they both agreed that it was. It was at this time that defense counsel should have objected if he thought the response was improper.

The defendant also wants us to address this issue as plain error pursuant to Supreme Court Rule 615(a) (134 Ill. 2d R. 615(a)). We do not consider the judge's response to the jury's question to be plain error. A circuit court has a duty to instruct the jury where clarification is requested, the instructions are incomplete, or when the jury is manifestly confused. (*People v. Gathings* (1981), 99 Ill. App. 3d 1135, 425 N.E.2d 1313.) There are certain circumstances when a circuit court has a duty to answer a jury's questions even if the jury received proper instructions. *People v. Flynn* (1988), 172 Ill. App. 3d 318, 526 N.E.2d 579.

■ However, under appropriate circumstances a circuit court may exercise its discretion to refrain from answering a jury's inquiries. (*Gathings*, 99 Ill. App. 3d 1135, 425 N.E.2d 1313.) A circuit court may decline to answer a jury's question if the jury instructions are readily understandable and sufficient to explain the applicable law or if further instructions would serve no useful purpose. (*Reid*, 136 Ill. 2d 27, 554 N.E.2d 174.) In the instant case, the trial judge found that the instructions were explicit and he did not know how to make the matter any clearer in the jurors' minds. He chose not to answer the matter with a "yes" or "no" because he believed that would have the effect of directing a verdict. Because the judge found that further instructions would not be helpful, his answer was proper. The jurors returned a unanimous verdict of guilty of first degree murder and, when polled individually, each juror stated that was his or her verdict. We do not believe that plain error occurred.

■ The defendant next argues that his sentence of 60 years' imprisonment for first degree murder was an abuse of discretion because the judge failed to properly consider the evidence in mitigation. Sixty years is the maximum term of the basic sentence for first degree murder. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(a)(1)(a).) Sentencing is a matter of judicial discretion, and a sentence is not to be altered on review unless that discretion is abused. (*People v. Duncan* (1990), 196 Ill. App. 3d 343, 553 N.E.2d 774.) A trial judge is not required to enumerate each factor he considered in arriving at the sentence, nor is he required to set a particular value to any of those factors. (*Duncan*, 196 Ill. App. 3d 343, 553 N.E.2d 774.) Where mitigating evidence is before the court, it is presumed that the judge considered the evidence, absent some indication to the contrary. (*People v. Sawyer* (1985), 139 Ill. App. 3d 383, 487 N.E.2d 662.) The judge in this case stated that he considered all the evidence before the court

and also the factors in mitigation. Nothing in the record indicates that the judge failed to properly consider the mitigating factors. Considering the unique viciousness of this crime, we cannot say that a maximum term sentence was an abuse of discretion. We affirm the defendant's first degree murder conviction and sentence of 60 years.

■ The defendant's final argument is that this case should be remanded to the trial court so that he may be properly admonished pursuant to Supreme Court Rule 605(b) (134 Ill. 2d R. 605(b)). That rule provides for the advice to be given the defendant upon a plea of guilty. The defendant pled guilty to the concealment of homicidal death charge but was not given the Rule 605(b) warnings. The defendant wishes to attack his plea and sentence on this charge because the trial judge failed to warn him of the possibility of consecutive sentences. The judge is required to make such a warning pursuant to Supreme Court Rule 402(a)(2) (134 Ill. 2d R. 402(a)(2)). The defendant also wishes to attack his sentence because he was improperly sentenced to an extended-term sentence of 10 years for the concealment of homicidal death charge. An extended-term sentence may only be imposed for offenses within the most serious class of offense of which the accused is convicted. (*People v. Jordan* (1984), 103 Ill. 2d 192, 469 N.E.2d 569.) Because first degree murder is a more serious class felony than concealment of homicidal death, an extended-term sentence for the concealment charge was improper.

The State argues that we lack jurisdiction over this part of the appeal because the defendant did not file a motion to reconsider his sentence as required by Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)). However, a defendant who has not been personally advised pursuant to Rule 605(b) of the procedures necessary to perfect his appellate rights after judgment is entered on his plea cannot be penalized for failing to follow the proper procedure to preserve those rights. (*People v. Patrick* (1989), 188 Ill. App. 3d 542, 544 N.E.2d 1042.) The *Patrick* court noted that Rules 605(b) and 604(d) were meant to mesh together. Therefore, we vacate the defendant's sentence of 10 years on the charge of concealment of homicidal death and remand the cause to the trial court so that the defendant may be properly admonished pursuant to Rule 605(b) and be given 30 days thereafter in which to file a post-plea motion.

Affirmed in part; vacated in part and remanded.

SLATER and GORMAN, JJ., concur.