THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GAYLYN GREEN, Defendant-Appellant.

Third District    No. 3—01—0004

Opinion filed June 21, 2002.

Santiago A. Durango, of State Appellate Defender's Office, of Ottawa, for appellant.

Jeff Tomczak, State's Attorney, of Joliet (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOMER delivered the opinion of the court:

Gaylyn Green pled guilty to retail theft (720 ILCS 5/16A—3 (West 2000)) and was sentenced to six years' imprisonment. Green filed a timely motion to reconsider his sentence, which the trial court denied. The trial court did not advise Green that he could appeal, and no appeal was filed. Nine months later, Green filed a *pro se* motion for reduction of his sentence, which the trial court construed as a post-conviction motion. The trial court denied the motion, and Green appealed. Following our careful review, we remand to the trial court for proper admonitions so that Green may file a notice of appeal as required by Supreme Court Rule 604(d). 188 Ill. 2d R. 604(d).

## BACKGROUND

Gaylyn Green was charged with retail theft (720 ILCS 5/16A—3 (West 2000)) for allegedly stealing $452 worth of clothing from Sears in Joliet. On November 1, 1999, Green entered a guilty plea. Green signed a guilty plea form acknowledging that he freely and voluntarily waived his right to a jury trial and subjected himself to the penalty that the judge could impose. The trial court informed Green of the applicable minimum and maximum sentences, including the possibility of an extended-term sentence. After some questioning, the court found that Green's plea was voluntary, accepted the plea and entered judgment of conviction. On November 9, 1999, the court sentenced Green to a six-year extended term of imprisonment because of his criminal history. At the conclusion of the sentencing hearing, the court advised Green that he had to file a motion to withdraw his guilty plea or reconsider his sentence within 30 days and that he would be provided a transcript as well as an attorney if he could not afford one. However, the court failed to inform Green about his right to appeal.

On November 19, 1999, Green's counsel filed a motion to

reconsider Green's sentence. That motion was denied on December 15, 1999. No appeal admonition was given after the trial court's denial of the motion to reconsider. Neither Green nor his counsel filed a certificate or a notice of appeal in accordance with Supreme Court Rule 604(d). 188 Ill. 2d R. 604(d). On August 29, 2000, Green filed a *pro se* motion for reduction of his sentence along with a request for leave to file the motion late. The motion alleged Green only pled guilty because his attorney promised him a probation sentence of 36 months. The motion also alleged that Green was unable to make clear decisions when he pled guilty because he was under the influence of a controlled substance and suffered a head injury. The trial court construed defendant's *pro se* motion as a postconviction motion because it was filed over 30 days after Green's sentencing. On October 11, 2000, the court denied Green's motion for a reduction of sentence and notified him that he had the right to appeal the order.

Green filed a timely notice of appeal. In his appeal, Green argues, *inter alia*, that his case should be remanded to the circuit court because of its failure to admonish him regarding his right to appeal. We agree and therefore remand to the trial court for the proper admonitions.

## ANALYSIS

■ Whether this case should be remanded to the circuit court because the court failed to properly admonish the defendant is a legal issue involving the application of law to uncontroverted facts and is therefore reviewed *de novo*. *People v. Boyer*, 305 Ill. App. 3d 374, 375, 713 N.E.2d 655, 656 (1999).

■ Supreme Court Rule 605(b) contains certain admonitions that must be provided to a defendant who pleads guilty. Rule 605(b) provides:

"In all cases in which a judgment is entered upon a plea of guilty, other than a negotiated plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:

(1) that the defendant has a right to appeal;

(2) that prior to taking an appeal the defendant must file in the trial court within 30 days of the date on which sentence is imposed, a written motion asking to have the trial court reconsider the sentence or to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;

(3) that if the motion is allowed, the sentence will be modified or the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;

(4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to reconsider the sentence or to vacate the judgment and to withdraw the plea of guilty shall be deemed waived." 188 Ill. 2d R. 605(b).

■ Green argues that his case should be remanded to the circuit court because he was never told that he had the right to appeal. Initially, the State contends that we are without jurisdiction to hear this appeal because Green did not file a notice of appeal from the trial court's denial of his motion to reconsider sentence as required by Supreme Court Rule 604(d). The supreme court, however, has held that a defendant's failure to comply with Rule 604(d) does not preclude an appellate court from having jurisdiction if the defendant was not properly admonished according to Rule 605(b). See *People v. Jamison*, 181 Ill. 2d 24, 690 N.E.2d 995 (1998). Although the supreme court requires strict compliance with Rule 604(d) by a defendant, a necessary antecedent is that the defendant be given the admonitions prescribed by Rule 605(b) to advise him of those requirements. *Jamison*, 181 Ill. 2d at 29, 690 N.E.2d at 998. Rule 605(b) serves to ensure that a defendant knows of the Rule 604(d) requirements for an appeal from a sentence imposed upon a plea of guilty. *Jamison*, 181 Ill. 2d at 29, 690 N.E.2d at 998. Where such admonitions have not been issued, it would violate procedural due process rights to hold a defendant responsible for noncompliance with the strictures of Rule 604(d). *People v. Foster*, 171 Ill. 2d 469, 473, 665 N.E.2d 823, 825 (1996).

Additionally, this court has refused to hold that an appellate court lacks jurisdiction when a defendant who has not been properly advised pursuant to Rule 605(b) fails to file a motion to reconsider his sentence as required by Rule 604(d). *People v. Raue*, 236 Ill. App. 3d 948, 953, 602 N.E.2d 846, 849-50 (1992). The same reasoning should apply when a defendant who has not been properly admonished fails to file a notice of appeal as required by Rule 604(d). This court explained in *Raue* that a defendant who has not been personally advised of the procedures necessary to perfect his appellate rights after judgment is entered on his plea pursuant to Rule 605(b) cannot be penalized for

failing to follow the proper procedure to preserve those rights because Rules 605(b) and 604(d) were meant to mesh together. *Raue*, 236 Ill. App. 3d at 953, 602 N.E.2d at 850. Therefore, this court remanded the cause to the trial court so that the defendant could be properly admonished pursuant to Rule 605(b) and be given 30 days to file a postplea motion. *Raue*, 236 Ill. App. 3d at 953, 602 N.E.2d at 850.

■ It is undisputed that the trial court advised Green of his rights according to Rule 605(b) except that the court failed to notify Green of his right to appeal as required by Rule 605(b)(1). 188 Ill. 2d R. 605(b)(1). Although the court need not use the exact language of the rule, the admonitions must not leave out any of the rule's substance. *People v. Anderson*, 309 Ill. App. 3d 417, 421, 722 N.E.2d 244, 247 (1999). By failing to advise Green of his right to appeal, the trial court failed to inform Green of an important substantive right. When the trial court fails to provide the admonitions required by Rule 605(b) and the defendant fails to follow Rule 604(d), it is appropriate to remand the cause to the trial court for proceedings consistent with Rule 605(b). *Jamison*, 181 Ill. 2d at 29-30, 690 N.E.2d at 998.

The State suggests that the defendant's remedy for any deficiency in the trial judge's admonitions lies in postconviction proceedings, in which Green could challenge the competency of his trial counsel. However, the supreme court has rejected this remedy because if the trial court's failure to provide the necessary admonitions is apparent from the record, it is appropriate to remand the cause for strict compliance with the rules regarding guilty pleas. *Jamison*, 181 Ill. 2d at 30, 690 N.E.2d at 998. The court explained that the defendant should not, in such circumstances, be limited to the more restrictive forum of postconviction proceedings. *Jamison*, 181 Ill. 2d at 30, 690 N.E.2d at 998.

Finally, the State contends that Green should not be able to raise this argument in an appeal from his postconviction petition. However, in *People v. Winston*, 316 Ill. App. 3d 618, 620, 737 N.E.2d 304, 306 (2000), the defendant was allowed to collaterally attack her guilty pleas in an appeal from orders revoking and extending her probation. The court explained that a defendant may attack the judgment at any time when the trial court has failed to give proper admonishments because the finality of the case is always in question when a trial court fails to properly admonish a defendant. *Winston*, 316 Ill. App. 3d at 620, 737 N.E.2d at 306. Consequently, we hold that Green may collaterally attack the trial court's failure to properly admonish him and remand this case to the trial court for proper admonitions so that Green may file a notice of appeal as required by Supreme Court Rule 604(d). 188 Ill. 2d R. 604(d).

## CONCLUSION

For the foregoing reasons, this cause is remanded to the trial court for further proceedings consistent with this decision.

Remanded.

McDADE and SLATER, JJ., concur.