2022 IL App (3d) 210133

Opinion filed November 15, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| ROBERT SNEDEKER, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Petitioner-Appellant, | ) | Will County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-21-0133 |
| | ) | Circuit No. 20-CH-690 |
| THE WILL COUNTY STATE'S | ) | |
| ATTORNEY'S OFFICE, | ) | |
| | ) | Honorable John C. Anderson, |
| Respondent-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court, with opinion.
Presiding Justice O'Brien and Justice Hauptman concurred in the judgment and opinion.

_____

**OPINION**

¶ 1      Petitioner, Robert Snedeker (a Michigan resident), filed a petition pursuant to section 10(c) of the Firearm Owners Identification Card Act (Act) (430 ILCS 65/10(c) (West 2020)), seeking the restoration of his firearms rights. Respondent, the Will County State's Attorney's Office, filed a motion to dismiss the petition. The trial court found it lacked subject matter jurisdiction to grant relief to a non-Illinois resident and dismissed the petition. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3        As a result of a 2009 conviction for misdemeanor domestic battery in Illinois, petitioner is prohibited from possessing a firearm under Illinois law (*id.* § 8(*l*)) and federal law (18 U.S.C. § 922(g)(9) (2018)). Petitioner resided in Will County, Illinois, at the time of his conviction. Subsequently, petitioner moved to Michigan.

¶ 4        On August 26, 2020, petitioner filed a petition in Will County pursuant to section 10(c) of the Act. He sought the restoration of his firearm rights. Petitioner did not seek a Firearm Owner's Identification (FOID) card as relief. Instead, he sought only the removal of the prohibition against obtaining a FOID card. He attached a copy of an order entered by a Michigan court restoring his gun rights. However, he noted that he must have his rights restored in Illinois so that he is no longer prohibited from possessing a firearm under federal law.

¶ 5        Respondent filed a motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2020)). Respondent argued that section 10(c) of the Act only provided relief to Illinois residents. According to respondent, the trial court lacked jurisdiction to hear the petition as petitioner no longer lived in Illinois.

¶ 6        Ultimately, the trial court found it lacked subject matter jurisdiction to grant relief to petitioner due to his status as a non-Illinois resident. The court dismissed the petition. Petitioner appeals.

¶ 7                                    II. ANALYSIS

¶ 8        On appeal, the specific question we must consider is whether a non-Illinois resident with an Illinois conviction for misdemeanor domestic battery may petition the trial court to have their civil rights restored under section 10(c) of the Act. This is a question of statutory interpretation,

which we review *de novo. People v. Manning*, 2018 IL 122081, ¶ 16. In relevant part, section 10 of the Act provides:

"(a) Whenever an application for a Firearm Owner's Identification Card is denied *** or whenever such a Card is revoked or seized as provided for in Section 8 of this Act, the aggrieved party may appeal to the Director of State Police for a hearing upon such denial, revocation or seizure, unless the denial, revocation, or seizure was based upon a forcible felony, stalking, aggravated stalking, domestic battery, any violation of the Illinois Controlled Substances Act, the Methamphetamine Control and Community Protection Act, or the Cannabis Control Act that is classified as a Class 2 or greater felony, any felony violation of Article 24 of the Criminal Code of 1961 or the Criminal Code of 2012, or any adjudication as a delinquent minor for the commission of an offense that if committed by an adult would be a felony, in which case the aggrieved party may petition the circuit court in writing in the county of his or her residence for a hearing upon such denial, revocation, or seizure.

* * *

(c) Any person prohibited from possessing a firearm under Sections 24-1.1 or 24-3.1 of the Criminal Code of 2012 or acquiring a Firearm Owner's Identification Card under Section 8 of this Act may apply to the Director of State Police or petition the circuit court

in the county where the petitioner resides, whichever is applicable in accordance with subsection (a) of this Section, requesting relief from such prohibition and the Director or court may grant such relief if it is established by the applicant to the court's or the Director's satisfaction that [five factors have been met.]" 430 ILCS 65/10(a), (c) (West 2020).

¶ 9 In this case, the trial court dismissed the petition based on respondent's contention that it lacked jurisdiction to consider a petition filed by a nonresident. The trial court relied on the portion of section 10(c), which requires an individual to "petition the circuit court in the county where the petitioner *resides*" to conclude that relief under section 10(c) is only available to Illinois residents. (Emphasis added.) See *id.* § 10(c). Given that petitioner did not reside in Illinois, the court found petitioner was not entitled to relief under section 10(c).

¶ 10 The purpose of the Act is to establish a

> "system of Firearm Owner's Identification Cards, thereby establishing a practical and workable system by which law enforcement authorities will be afforded an opportunity to identify those persons who are prohibited by Section 24-3.1 of the Criminal Code of 2012, from acquiring or possessing firearms and firearm ammunition and who are prohibited by this Act from acquiring stun guns and tasers." *Id.* § 1.

The Act creates an administrative process in which the Illinois State Police is tasked with the issuance, revocation, and seizure of FOID cards. See *id*. §§ 5, 8. The Illinois State Police is also tasked with monitoring databases for firearms prohibitors and maintain those records with FOID

card holders to ensure compliance with the Act. See 430 ILCS 65/8.5 (West Supp. 2021). This is an administrative process subject to administrative review. In contrast to courts' broad subject matter jurisdiction with regard to most disputes, "[t]he circuit and appellate courts have jurisdiction to review administrative agency actions only as provided by statute." *State of Illinois ex rel. Pusateri v. Peoples Gas Light & Coke Co.*, 2014 IL 116844, ¶ 13 (citing Ill. Const. 1970, art. VI, §§ 6, 9). Whether section 10(c) permits petitioner to seek relief is a question of jurisdiction.

¶ 11    Now, we must determine whether relief under section 10(c) of the Act is available only to Illinois residents. This is a question of statutory interpretation. The primary objective of statutory construction is to ascertain and give effect to the legislature's intent. *Evans v. Cook County State's Attorney*, 2021 IL 125513, ¶ 27. The most reliable indicator of legislative intent is the language of the statute, given its plain and ordinary meaning. *People v. Casler*, 2020 IL 125117, ¶ 24. When statutory language is plain and unambiguous, the statute must be applied as written without resort to aids of statutory construction. *People v. Howard*, 228 Ill. 2d 428, 438 (2008). We may not depart from a statute's plain language by reading in exceptions, limitations, or conditions the legislature did not express. *People v. Lewis*, 223 Ill. 2d 393, 402 (2006). Courts should not attempt to read a statute other than in the manner it was written. *Rosewood Care Center, Inc. v. Caterpillar, Inc.*, 226 Ill. 2d 559, 567 (2007).

¶ 12    To best understand petitioner's argument, we first review the procedure set forth in section 10. Section 10 provides two distinct tracks for appeals from adverse decisions of Illinois State Police. *Hanson v. De Kalb County State's Attorney's Office*, 391 Ill. App. 3d 902, 910-11 (2009). First, section 10(a) applies to individuals challenging the Illinois State Police's decisions regarding the issuance, revocation, or seizure of a FOID card. *Id.* Second, section 10(c) applies to "[a]ny person prohibited from possessing a firearm under Sections 24-1.1 or 24-3.1 of the Criminal Code

of 2012 or acquiring a [FOID] Card under Section 8 of [the] Act." 430 ILCS 65/10(c) (West 2020). Petitioner in this case is prohibited from obtaining a FOID card under section 8 of the Act. Therefore, he must seek relief under the second track provided by section 10(c). Section 10(c) provides:

> "(c) Any person prohibited from possessing a firearm under Sections 24-1.1 or 24-3.1 of the Criminal Code of 2012 or acquiring a Firearm Owner's Identification Card under Section 8 of this Act may apply to the Director of State Police or petition the circuit court in the county where the petitioner resides, whichever is applicable in accordance with subsection (a) of this Section, requesting relief from such prohibition and the Director or court may grant such relief if it is established by the applicant to the court's or the Director's satisfaction that [five factors have been met.]" *Id.*

¶ 13     We find the plain language of section 10(c) is unambiguous in that relief under it is limited to Illinois residents. To begin with, section 10(c) requires an individual to "petition the circuit court in the county where the *petitioner resides*." (Emphasis added.) *Id.* Thus, an individual must be an Illinois resident to file their petition in the circuit court. Petitioner is a Michigan resident and is not permitted to obtain relief under the plain language of section 10(c).

¶ 14     In addition, the only relief available under the portion of section 10(c) that petitioner sought relief under is the issuance of a FOID card. Section 10(c) applies in two situations. First, persons "prohibited from possessing a firearm under Sections 24-1.1 or 24-3.1 of the Criminal Code of 2012" may seek relief from such prohibition. *Id.* Petitioner is not seeking relief under this provision. He is prohibited from acquiring a FOID card under section 8 of the Act due to his

conviction for domestic battery. Therefore, he relies on the second provision, which allows persons prohibited from "acquiring a Firearm Owner's Identification Card under Section 8" of the Act to seek relief from such prohibition. *Id.* This provision applies to individuals seeking to restore their firearms rights so that they may acquire a FOID card. In other words, the end result under section 10(c) is the issuance of a FOID card. This presumes the individual is eligible to obtain a FOID card, but only Illinois residents may apply for a FOID card. *Id.* § 4(a)(2)(xiv) (residency requirement). Therefore, section 10(c) only applies to Illinois residents. Contrary to petitioner's assertion, section 10(c) does not provide a general process to restore an individual's firearms rights. Instead, it is intended to provide a process through which individuals acquire a FOID card.

¶ 15     In sum, we find that the plain language of section 10(c) of the Act creates a procedure intended only for Illinois residents. Given that petitioner is a Michigan resident, he is not entitled to relief under section 10(c). Therefore, the trial court did not err when it dismissed his petition seeking to restore his firearms rights.

¶ 16     In reaching this conclusion, we reject petitioner's reliance on the Illinois State Police's website. The website has a "Frequently Asked Questions" section. See *Office of Firearms Safety FAQs*, Ill. State Police, https://isp.illinois.gov/FirearmsSafety/FAQs (last visited Nov. 1, 2022) [https://perma.cc/34ML-UFBV]. One question is, "I was convicted of a Felony in Illinois but no longer live in Illinois. I would like to purchase a firearm in my current state of residence. What can I do to appeal this firearm prohibitor?" *Id*. The answer provided is: "You may file an appeal in Illinois. Please contact the Office of Firearms Safety *** to request additional information." *Id*. Petitioner argues that this court should adopt the Illinois State Police's interpretation. However, a reviewing court is not bound by an agency's interpretation of a statute. *Comprehensive Community Solutions, Inc. v. Rockford School District No. 205*, 216 Ill. 2d 455,

471 (2005) (citing *Envirite Corp. v. Illinois Environmental Protection Agency*, 158 Ill. 2d 210, 214 (1994)). As discussed above, the plain language of section 10(c) establishes that relief is only available to Illinois residents. We will not depart from the plain language.

¶ 17        We acknowledge that the plain language of section 10(c) may appear unfair to nonresidents with Illinois convictions. Petitioner is understandably placed in a difficult position given that he cannot seek to restore his firearms rights unless he moves back to Illinois. It is also arguably unfair given that an Illinois resident who is convicted in another state must have their rights restored in the convicting state in order to possess a firearm in Illinois. See *Beecham v. United States*, 511 U.S. 368, 371 (1994) (the law of the convicting jurisdiction governs whether an individual's civil rights have been restored); *Brown v. Illinois State Police*, 2021 IL 126153. However, when statutory language is plain and unambiguous, the statute must be applied as written. *Howard*, 228 Ill. 2d at 438.

¶ 18        Further, Illinois is not constitutionally required to provide a process for individuals to restore their firearms rights. *McGrath v. United States*, 60 F.3d 1005, 1008-09 (2d Cir. 1995). The ability to restore firearms rights is a "a measure by which the government relieves an offender of some or all of the consequences of his conviction," and "extend[s] to an offender a measure of forgiveness." *Logan v. United States*, 552 U.S. 23, 26, 32 (2007). To that end, "Congress sought to accommodate a state's judgment that a particular person *** is, despite a prior conviction, sufficiently trustworthy to possess firearms." *McGrath*, 60 F.3d at 1009. Our legislature may have determined that our state could not properly make a judgment as to whether an out-of-state resident is sufficiently trustworthy to possess a firearm. While reasonable minds can differ as to the fairness of Illinois's procedure, "whether a statute is wise and whether it is the best means to achieve the

desired result are matters for the legislature, not the courts." *Moline School District No. 40 Board of Education v. Quinn*, 2016 IL 119704, ¶ 28.

¶ 19                                    III. CONCLUSION

¶ 20        For the foregoing reasons, we affirm the judgment of the circuit court of Will County.

¶ 21        Affirmed.

*Snedeker v. Will County State's Attorney's Office*, 2022 IL App (3d) 210133

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Will County, No. 20-CH-690; the Hon. John Anderson, Judge, presiding. |
| **Attorneys for Appellant:** | Bryant Chavez, of Bryant Chavez Law Office, LLC, of Chicago, and David G. Sigale, of Law Firm of David G. Sigale, P.C., of Wheaton, for appellant. |
| **Attorneys for Appellee:** | James W. Glasgow, State's Attorney, of Joliet (Scott Pyles, Philip A. Mock, and Kevin Meyers, Assistant State's Attorneys, of counsel), for appellee. |