2025 IL App (1st) 232046
Nos. 1-23-2046 and 1-23-2108 (Consolidated)

FIRST DIVISION
March 3, 2025

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| DONTAY BANKS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | No. 22 CH 9682 |
| | ) | |
| THE STATE'S ATTORNEY OF COOK | ) | |
| COUNTY, ILLINOIS, | ) | |
| | ) | |
| Respondent-Appellant | ) | The Honorable |
| | ) | Pamela M. Meyerson, |
| (Illinois State Police, Intervenor-Appellant). | ) | Judge Presiding. |

_____

JUSTICE PUCINSKI delivered the judgment of the court, with opinion.
Justices Lavin and Cobbs concurred in the judgment and opinion.
Justice Cobbs also specially concurred, with opinion, joined by Justice Lavin.

**OPINION**

¶ 1        The Illinois State Police (ISP) and the Cook County State's Attorney's Office (CCSAO) (Appellants) appeal the circuit court's order granting Petitioner Dontay Banks's petition to restore his firearm rights pursuant to section 10 of the Firearm Owners Identification (FOID) Card Act (FOID Card Act) (430 ILCS 65/10 (West 2022)). Appellants argue that the circuit court erred in granting Banks's petition to restore his firearm rights, since granting him relief would be contrary to federal law. Specifically, they argue that federal law prohibits Banks from possessing a firearm

because of his federal conviction, and an Illinois court cannot restore the civil rights he lost based on the federal conviction. We reverse and remand for further proceedings.

¶ 2                                         I. BACKGROUND

¶ 3        Banks applied for a FOID card. ISP denied Banks's application. In their denial letter, ISP stated that Banks's convictions prevented him from possessing a firearm pursuant to Illinois and federal law.

¶ 4        Banks filed a petition to restore his firearm rights in the circuit court, pursuant to section 10 of the FOID Card Act (*id.*). In his petition, Banks stated that he had a prior federal conviction. Still, he argued that he met the criteria under section 10(c)(1)-(4) of the FOID Card Act (*id.* § 10(c)(1)-(4)) to be granted relief and issued a FOID card. He served a copy of his petition on CCSAO. ISP filed a petition to intervene as a matter of right, which the circuit court granted.

¶ 5        Both CCSAO and ISP filed objections to Banks's petition. In their objection, ISP argued that Banks was ineligible for a FOID card because he was prohibited from possessing a firearm by federal law based on his federal conviction. Banks responded that section 10(c)(1)-(3) would restore his civil rights and remove the federal prohibitor. ISP filed a reply that again raised the issue of the federal prohibitor based on Banks's federal conviction.

¶ 6        The circuit court, on its own motion, set the matter for hearing on CCSAO and ISP's objections. At the hearing, the circuit court noted that the issue was whether it could restore Banks's civil rights lost pursuant to a federal conviction. The circuit court determined that section 10(c)(4) of the FOID Card Act did not bar it from restoring Banks's civil rights, despite the convictions. The circuit court then ruled that the case would proceed to an evidentiary hearing on whether Banks satisfied the criteria of section 10(c)(1)-(3) of the FOID Card Act. ISP filed a motion to reconsider.

¶ 7        While ISP's motion to reconsider was pending, the circuit court conducted an evidentiary hearing. At the evidentiary hearing, Banks called seven witnesses who testified in support of his petition. Additionally, Banks testified on his own behalf. Following the evidentiary hearing, the circuit court determined that Banks satisfied the criteria of section 10(c)(1)-(3) of the FOID Card Act, granted his petition, and ordered ISP to issue him a FOID card. Additionally, the circuit court determined that ISP's motion to reconsider was moot.

¶ 8        ISP filed a motion to vacate and reconsider the circuit court's judgment. In their motion, ISP argued that the circuit court erred when it determined that their motion to reconsider was moot since the motion raised a legal argument under section 10(c)(4) of the FOID Card Act. CCSAO joined the motion. The circuit court denied the motion, and both CCSAO and ISP appealed. The appeals were consolidated. The circuit court stayed the issuance of Banks's FOID card.

¶ 9                                    II. ANALYSIS

¶ 10       Appellants argue on appeal that the circuit court erred in granting Banks's petition to restore his firearm rights, since granting him relief would be contrary to federal law. Specifically, Appellants argue that his federal conviction prohibits him from possessing a firearm pursuant to 18 U.S.C. § 922(g)(1) (2018).

¶ 11       We must determine whether granting petitioner a FOID card would be contrary to federal law. Accordingly, our review is *de novo*, since it involves a question of statutory interpretation. *Evans v. Cook County State's Attorney*, 2021 IL 125513, ¶ 27. "The primary objective of statutory construction is to ascertain and give effect to the true intent of the legislature." *People v. Casler*, 2020 IL 125117, ¶ 24. The language of the statute, given its plain and ordinary meaning, is the most reliable indicator of legislative intent. *Id.*

¶ 12    Illinois law requires an individual to obtain a FOID card to acquire or possess a firearm. 430 ILCS 65/2(a)(1) (West 2022). To obtain a FOID card, an individual must submit an application to the ISP. *Id.* § 4(a)(1). The ISP may deny an application if the individual was convicted of a felony under Illinois law or any other jurisdiction, or if the individual is prohibited from acquiring or possessing a firearm by any Illinois or federal law. *Id.* § 8(c), (n). Section 10 of the FOID Card Act provides an individual with a procedure to appeal the denial. *Id.* § 10(a).

¶ 13    If the applicant appeals to the circuit court, the court must determine whether "substantial justice has been done." *Id.* § 10(b). If "substantial justice has not been done," the court should direct the ISP to issue a FOID card unless the petitioner "is otherwise prohibited from obtaining, possessing, or using a firearm under federal law." *Id.* To make the requisite showing, the individual must establish to the court's satisfaction that:

> "(1) the applicant has not been convicted of a forcible felony under the laws of this State or any other jurisdiction within 20 years of the applicant's application for a Firearm Owner's Identification Card, or at least 20 years have passed since the end of any period of imprisonment imposed in relation to that conviction;
>
> (2) the circumstances regarding a criminal conviction, where applicable, the applicant's criminal history and his reputation are such that the applicant will not be likely to act in a manner dangerous to public safety;
>
> (3) granting relief would not be contrary to the public interest; and
>
> (4) granting relief would not be contrary to federal law." *Id.* § 10(c)(1)-(4).

¶ 14    Sections 10(c)(1)-(3) of the FOID Card Act serve as Illinois's regulatory scheme to restore a petitioner's civil right to possess a firearm lost pursuant to an Illinois conviction. *Evans*, 2021 IL

125513, ¶ 33. If a petitioner successfully restores their civil right to possess a firearm, the Illinois conviction is no longer considered a "conviction" under federal law. *Id.*; see 18 U.S.C. § 921(a)(20). In this scenario, our supreme court noted that a proper reading of section 10(c)(4) assumes that the petitioner's right to relief under section 10(c)(1)-(3) has been established and then asks the court to consider whether the petitioner would be in violation of federal law for some reason other than the Illinois conviction. See *Evans*, 2021 IL 125513, ¶¶ 32-34.

¶ 15     Under federal law, a person who is convicted of a federal felony is prohibited from possessing a firearm. *United States v. Bean*, 537 U.S. 71, 74 (2002); 18 U.S.C. § 922(g)(1). However, section 921(a)(20) of the Gun Control Act limits what is considered a conviction:

> "a conviction of such a crime *shall be determined in accordance with the law of the jurisdiction in which the proceedings were held*. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." (Emphasis added.) 18 U.S.C. § 921(a)(20).

The determination of whether a person has had civil rights restored is governed by the law of the convicting jurisdiction. *Beecham v. United States*, 511 U.S. 368, 371 (1994); see, *e.g.*, *Brown v. Illinois State Police*, 2021 IL 126153, ¶¶ 44-45, 48; see *e.g. Johnson v. Department of State Police*, 2020 IL 124213, ¶ 47; *Snedeker v. Will County State's Attorney's Office*, 2022 IL App (3d) 210133, ¶ 17 (Illinois residents convicted in another state must have their civil rights restored in the convicting state to possess a firearm in Illinois). This same principle applies to federal convictions. See *Beecham*, 511 U.S. at 370-74.

¶ 16    Here, it is undisputed that Banks's has federal and Illinois convictions. While the circuit court could restore his civil rights lost because of his Illinois convictions, it could not restore his civil rights lost due to his federal conviction. As more expansively discussed in Justice Cobbs's special concurrence, the United States Supreme Court in *Beecham* indicates that the restoration of Banks's civil rights lost due to his federal conviction would require action at the federal level. See *id.* at 371; see, *e.g.*, 18 U.S.C. § 925(c). Furthermore, based on this record, there was no evidence presented for the circuit court to make the determination that Banks's federal conviction was no longer a federal prohibitor. See 18 U.S.C. §§ 921(a)(20), 922(g)(1). Accordingly, the circuit court erred in granting Banks's petition to restore his firearm rights, since doing so may be contrary to federal law. See 430 ILCS 65/10(c)(4) (West 2022).

¶ 17    In CCSAO's opening brief, it recommended that we reverse and remand for an evidentiary hearing on section 10(c)(4) of the FOID Card Act. The ISP notes that a petitioner could introduce evidence to show that his federal conviction no longer bars him from possessing a firearm under federal law, but argues that Banks's exclusive reliance on his argument that an Illinois court could restore his civil rights lost based on federal conviction indicates that no such evidence exists. While that may very well be true, we believe that the interests of justice and fairness require that Banks should be allowed the opportunity to present evidence that shows his federal convictions no longer prevent him from possessing a firearm pursuant to federal law. See Ill. S. Ct. R. 366(a)(5) (eff. Feb. 1, 1994).

¶ 18                                III. CONCLUSION

¶ 19        For the reasons stated above, we reverse the judgment of the circuit court and remand this case for an evidentiary hearing on the sole issue of whether Banks's federal convictions prevent him from possessing a firearm under federal law.

¶ 20        Reversed and remanded.

¶ 21        JUSTICE COBBS, specially concurring:

¶ 22        I agree with the majority's decision to reverse the circuit court. I also take no issue with allowing Banks an additional opportunity to present evidence as to why issuing him a FOID card would not violate federal law. I write separately, however, to more fully explain the significance of Banks's federal convictions in this result, as this case appears to raise an issue of first impression in Illinois.

¶ 23        The issues presented in this appeal involve matters of statutory interpretation, which are reviewed *de novo*. *People v. Stoecker*, 2014 IL 115756, ¶ 21. The primary objective in interpreting a statute is to ascertain and give effect to the intent of the legislature. *Id.* The most reliable indicator of legislative intent is the language of the statute itself, given its plain and ordinary meaning. *Id.*

¶ 24        Section 8 of the FOID Card Act authorizes the ISP to deny an individual's FOID card application if, among other reasons, the applicant is "prohibited from acquiring or possessing firearms or firearm ammunition by any Illinois State statute or by federal law." 430 ILCS 65/8(n) (West 2022). Pursuant to section 10 of the FOID Card Act, those who are denied a FOID card may petition the circuit court for a more individualized hearing and potential relief. *Id.* § 10(a). In such a proceeding, the circuit court must determine whether "substantial justice has been done" in the denial of the petitioner's application. *Id.* § 10(b). It is the petitioner's burden to establish that he satisfies the four requirements listed in section 10(c) of the FOID Card Act, namely that:

"(1) the applicant has not been convicted of a forcible felony under the laws of this State or any other jurisdiction within 20 years of the applicant's application for a [FOID] Card, or at least 20 years have passed since the end of any period of imprisonment in relation to that conviction;

(2) the circumstances regarding a criminal conviction, where applicable, the applicant's criminal history and his reputation are such that the applicant will not be likely to act in a manner dangerous to public safety;

(3) granting relief would not be contrary to the public interest; and

(4) granting relief would not be contrary to federal law." *Id.* § 10(c)(1)-(4).

If the court concludes that the petitioner has satisfied these requirements, the court must order the ISP to issue him a FOID card. *Id.* § 10(b). However, "the court shall not issue the order if the petitioner is otherwise prohibited from obtaining, possessing, or using a firearm under federal law." *Id.*

¶ 25    In this case, respondents do not challenge the circuit court's finding that Banks satisfied the first three requirements of section 10(c). Rather, they dispute only the final requirement—that granting Banks a FOID card would not be contrary to federal law. Specifically, respondents argue that, even if Banks's state convictions were forgiven, it would still be federal crime for him to possess a firearm by virtue of his federal felony convictions.

¶ 26    Accordingly, we must decide whether Banks possessing a gun would violate federal law. If it would not, then Banks is entitled to a FOID card in light of the circuit court's finding that he satisfied the requirements of section 10(c)(1)-(3). However, if federal law would prevent Banks from possessing a gun, then he must not be issued a FOID card by the terms of the FOID Card Act.

¶ 27    The relevant federal statute is the Gun Control Act of 1968 (Gun Control Act), which makes it unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. 18 U.S.C. § 922(g)(1) (2018). Federal law further provides that what constitutes a conviction for these purposes "shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." *Id.* § 921(a)(20). Additionally,

> "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." *Id.*

¶ 28    In *Evans v. Cook County State's Attorney*, 2021 IL 125513, our supreme court explained how section 10 of the FOID Card Act interacts with these provisions of federal law. There, the ISP had denied the petitioner's FOID card application, based on his state felony convictions. *Id.* ¶ 5. The petitioner filed for relief pursuant to section 10(c) of the FOID Card Act, which the circuit court denied based on its determination that issuing the petitioner a FOID card would violate federal law. *Id.* ¶ 12. The appellate court affirmed the circuit court's decision, concluding that the petitioner was stuck in an "unending statutory loop" that prevented him from ever obtaining a FOID card because federal law prohibited felons from possessing firearms. *Evans v. Cook County State's Attorney*, 2019 IL App (1st) 182488, ¶ 7. According to the appellate court, section 10(c) of the FOID Card Act was written so as to "operate[ ] as a *de facto* permanent ban on the possession of firearms by persons convicted of felonies because they will never have their federal possessory disability removed." *Id.* ¶ 42. The appellate court was skeptical that the legislature intended this result but nevertheless affirmed the circuit court's decision because it could not "rewrite Illinois

law." *Id.* ¶ 7.

¶ 29        Our supreme court held that the situation was not as hopeless for a petitioner with a felony conviction as the appellate court believed. The court explained that such a petitioner could have his firearm rights restored within the meaning of the Gun Control Act if the circuit court found that he satisfied the criteria in section 10(c)(1)-(3) of the FOID Card Act. *Evans*, 2021 IL 125513, ¶ 33. Upon such a finding, the petitioner would escape the "loop" identified by the appellate court because he "would no longer have a qualifying conviction prohibiting his possession of firearms under federal law, so he could be granted relief from his firearm disability in a way that was not 'contrary to federal law' under section 10(c)(4)." *Id.*; see *Johnson v. Department of State Police*, 2020 IL 124213, ¶¶ 30-40 (reaching the same conclusion in the context of a misdemeanor conviction involving domestic violence). Accordingly, "a proper reading of section 10(c)(4) assumes that [a] petitioner's right to relief under section 10(c)(1)-(3) has been established and then asks the court to consider whether the petitioner would be in violation of federal law for some *other* reason" besides the conviction for which his firearm rights were restored. (Emphasis in original.) *Evans*, 2021 IL 125513, ¶ 34.

¶ 30        *Evans*, however, involved only Illinois felony convictions. See *id.* ¶ 1. Thus, although *Evans* established that the circuit court could restore a petitioner's firearms right lost, as a consequence of Illinois convictions, it said nothing about federal convictions or, for that matter, convictions from other states. This brings us to the heart of the case at hand, as here Banks has both Illinois and federal felony convictions. Respondents contend that only a federal court, as the convicting jurisdiction for Banks's federal convictions, can restore the rights lost with those convictions. Banks does not offer much of an argument to the contrary, asserting only that "[f]ederal law does not dictate where the civil rights restoration must occur."

¶ 31    Respondents are correct. Banks's position, as I understand it, is virtually identical to the one rejected by the United States Supreme Court in *Beecham v. United States*, 511 U.S. 368 (1994), a case that Banks does not address on appeal. There, petitioners Beecham and Jones were each convicted under 18 U.S.C. § 922(g) (1988), based in part on prior federal felony convictions. *Beecham*, 511 U.S. at 370. The petitioners argued that their section 922(g) convictions could not stand because the firearm rights lost, pursuant to their underlying convictions, were purportedly restored by state courts. *Id.* The issue before the Court therefore became "whether these restorations of civil rights by *States* could remove the disabilities imposed as a result of Beecham's and Jones' *federal* convictions." (Emphases in original.) *Id.*

¶ 32    The Supreme Court answered that question in the negative, based on its interpretation of 18 U.S.C. § 921(a)(20). See *Beecham*, 511 U.S. at 371. The Court determined that the plain language of section 921(a)(20) unambiguously required that the so-called "choice-of-law" clause (that "[w]hat constitutes a conviction *** shall be determined in accordance with the law of the jurisdiction in which the proceedings were held" (18 U.S.C. § 921(a)(20)) be applied to the "exemption clause" (that "[a]ny conviction *** for which a person has been pardoned or has had civil rights restored shall not be considered a conviction" (*id.*)). *Beecham*, 511 U.S. at 371. Thus, the Court explained that the federal exemption for restored civil rights "refer[s] only to restorations of civil rights *by the convicting jurisdiction*." (Emphasis added.) *Id.* at 372.

¶ 33    Although I find *Beecham* dispositive on its own, I further note that Illinois courts have also consistently interpreted section 921(a)(20) as requiring firearm rights to have been restored in the convicting jurisdiction. See *Brown v. Illinois State Police*, 2021 IL 126153, ¶ 45 (examining whether California law restored rights lost pursuant to the petitioner's California conviction); *Johnson*, 2020 IL 124213, ¶ 26 ("The law of the convicting jurisdiction controls whether civil

rights have been restored \*\*\*."); *Snedeker v. Will County State's Attorney's Office*, 2022 IL App (3d) 210133, ¶ 17 ("[A]n Illinois resident who is convicted in another state must have their rights restored in the convicting state in order to possess a firearm in Illinois.").

¶ 34        Applying these principles to the facts yields a clear result. There is no dispute that Illinois is not the convicting jurisdiction for Banks's federal convictions. Nor has Banks presented any evidence that his firearm rights were restored at the federal level. Banks therefore remains ineligible to possess a firearm under federal law; thus, he cannot be issued a FOID card under Illinois law.

¶ 35        As a final point, I note that Banks argues that it is "not illogical" that an Illinois court could restore his federal firearm rights because the standards of section 10(c)(1)-(3) of the FOID Card Act are similar to those that "would be considered" if the federal government were to consider restoring his rights. It is true that the factors listed in 18 U.S.C. § 925(c) are virtually identical to those in the FOID Card Act. See *id.* (providing that the attorney general may restore a person's right to possess a firearm if he establishes that "the circumstances regarding the disability, and the applicant's record and reputation, are such that the applicant will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest"). However, regardless of what standards "would be considered," it is undisputed that the federal government did not restore Banks's firearm rights.[1] Similarities between the FOID Card Act and section 925(c) are no substitute for the plain language of federal law, which dictates that

---

[1]Indeed, Banks acknowledges that the federal government does not have an "active" means of restoring firearm rights lost as a consequence of a federal felony conviction. Although section 925(c) allows a person to petition the attorney general for relief (and seek judicial review if denied), that provision has been rendered inactive since 1992 because Congress has barred the attorney general from using appropriated funds to act upon such applications. *Logan v. United States*, 552 U.S. 23, 28 n.1 (2007). Thus, individuals with federal felony convictions are effectively in the same position as those convicted of felonies in states with no statutory mechanism of restoring firearm rights. See *Beecham*, 511 U.S. at 373.

a person's lost firearm rights can be restored only by the convicting jurisdiction. *Beecham*, 511 U.S. at 372. Because the federal government has not done so, Banks should not be issued a FOID card based on the record before us.

¶ 36     JUSTICE LAVIN joins in this special concurrence.

*Banks v. State's Attorney of Cook County*, 2025 IL App (1st) 232046

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 22-CH-9682; the Hon. Pamela M. Meyerson, Judge, presiding. |
| **Attorneys for Appellant:** | Kimberly M. Foxx, State's Attorney, of Chicago (Cathy McNeil Stein, Jonathon D. Byrer, Calvin Edwards, and Briana Leatherberry, Assistant State's Attorneys, of counsel), for appellant State's Attorney of Cook County. |
| | Kwame Raoul, Attorney General, of Chicago (Jane Elinor Notz, Solicitor General, and Anna W. Gottlieb, Assistant Attorney General, of counsel), for other appellant. |
| **Attorneys for Appellee:** | Beth Johnson, of Rights & Restoration Law Group, LLC, of Chicago, for appellee. |